UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION
------------------------------------------------------------------ X
VOLKSWAGEN AG, VOLKSWAGEN
GROUP OF AMERICA, INC., and AUDI AG,       CIVIL ACTION NO:18-cv-06611.
                 Plaintiff,
      - against –

DXZ OFFICIAL STORE, et al.
            Defendants,
------------------------------------------------------------------ X

---

***DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, A STATUTORY DAMAGES AWARD, AND A PERMANENT INJUNCTION***

---

**TABLE OF CONTENTS**

**PAGE**

I. BACKGROUND ...................................................................................................7

II. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS......8

    A. Material Fact Dispute as to Whether There is a Likelihood of Confusion……………8

    B. Material Fact Dispute as to Whether the Court has Jurisdiction over Iman365-usa….10

III. PLAINTIFFS ARE NOT ENTITLED TO A STATUTORY DAMAGES AWARD AGAINST DEFENDANT FOR TRADEMARK COUNTERFEITING………………………..11

IV. PLAINTIFFS ARE NOT ENTITLED TO PERMANENT INJUNCTIVE RELIEF ............12

V. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES AND COSTS ..................13

VI. CONCLUSION ...............................................................................................14

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau,
    835 F.2d 855, 856 (11th Cir.1988)…………………………………………………..8

AutoZone, Inc. v. Strick,
    543 F.3d 923 (7th Cir. 2008)…………………………………………………6,9

Boschetto v. Hansing,
    539 F.3d 1011 (9th Cir. 2008)…………………………………………………...10,11

Bulgari, S.P.A.,
2015 U.S. Dist. LEXIS 140606, at *9-10………………………………………………..13

eBay Inc. v. MercExchange, LLC,
547 U.S. 388, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006)………………………...............12

Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,
    103 F.3d 888, 893 (9th Cir.1996)………………………………………………………10

Int'l Shoe Co. v. Washington,
    326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945)……………………………........10

Jackson Dairy, Inc. v. HP, Hood & Sons,
Inc., 596 F.2d 70, 72 (2d Cir. 1979)…………………………………………………..12

Luxottica USA LLC v. The Partnerships, et al.,
    2015 U.S. Dist. LEXIS 78961, at *14……………………………………………………13

Monster Energy Company, 2015,
    17 U.S. Dist. LEXIS 86956, at *13……………………………………………………13

Pebble Beach Co. v. Caddy,
    453 F.3d 1151, 1155 (9th Cir.2006)……………………………………………...10

Samples ex rel. Samples v. City of Atlanta,
    846 F.2d 1328, 1330 (11th Cir.1988)……………………………………………………..8

Syler v. Woodruff,
    610 F.Supp.2d 256 (S.D.N.Y. 2009)……………………………………………………12

Shotz v. City of Plantation, Fla.,
    344 F.3d 1161, 1164 (11th Cir.2003)……………………………………………………..8

Tom Doherty Assocs. Inc. v. Saban Entm't, Inc.,

60 F.3d 27, 37 (2d Cir. 1995)……………………………………………………………………12

*Tony Jones Apparel, Inc. v. Indigo USA, LLC,*
2005 U.S. Dist. LEXIS 14649 (N.D. Ill. July 11, 2005) ..............................................13

**Statutes:**

Fed. R. Civ. P. 56(a)……………………………………………………………......8

15 U.S.C. § 1114(1)……………………………………………………………......8

15 U.S.C. sec. 1115(b)(4)……………………………………………………....9,10

15 U.S. Code § 1116(d)…………………………………………………….........11

15 U.S.C. § 1117(b)…………………………………………………………...13

## MEMORANDUM

Defendant Iman365-usa, by their attorneys Rosenbaum Famularo P.C., submit this Memorandum in opposition to Plaintiffs' Motion for Summary Judgment on all claims against Defendant iman365-usa ("Defendant"), a Statutory Damages Award, and a Permanent Injunction against Defendant. One material fact in dispute is whether Defendant Iman365-usa has such minimal contacts with the forum state that exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Here, Defendant Iman365 is a Chinese citizen with no continuous or systematic contacts in the State of Illinois. Plaintiffs' allege that jurisdiction is proper as Defendant Iman365-usa targets business activities toward consumers in the United States including Illinois. However, Defendant Iman365-usa has only sold products using the eBay platform. Numerous courts have held that sellers on eBay cannot target individuals in any state and have no control over who wins the eBay auction.

Another material fact in dispute is whether or not there was the likelihood of customer confusion. To prove trademark infringement, a plaintiff must prove the use of a mark has created a likelihood of confusion, mistake or deception about the origin of the defendant's goods or services. This is a material fact to be determined by the trier of fact. Here, the plaintiff's claim will likely fail the applicable test. See *AutoZone, Inc. v. Strick*, 543 F.3d 923. Of the relevant factors, when considering the degree and care likely to be exercised by consumers, no consumer could have expected Audi to be the manufacturer as Audi does not offer similar products. In addition, the installation of this illumination light requires an individual with unique mechanical skills. Your average consumer for such a product is an individual qualified to install this lighting. Individuals of this skill level understand these products have no affiliation with Audi. Further, Iman365-usa's listing on eBay did not claim any association with Audi. They simply described the product as compatible "for" or "with" Audi vehicles. Specifically, describing the product as a "2 LED Blue

6

Logo Door Light Courtesy Laser Light For Audi Q2 Q3 Q5 Q7 R8 Quattro." Finally, the product came in a generic brand packaging so consumers would have no reason to believe it was manufactured by Audi. Given the above, a genuine material fact dispute exists as to whether or not there was a likelihood of customer confusion such that a Summary Judgment motion should be denied.

Furthermore, Defendant has already ceased the sale of all products subject to this dispute and has agreed not to sell any product bearing the plaintiff's mark without the express authorization of the plaintiff. For this reason, a permanent injunction is unnecessary. Finally, the Plaintiff has failed to provide any evidence that defendant Iman365-usa's use of Plaintiff's mark was intentional as to justify a compensation of Attorneys fees and costs.

## I. BACKGROUND

Iman365-usa is an eBay seller account owner and operated by Jiajun Yan, a citizen of China residing at 6-2-502, Qing Yi Hua Yuan, Hai Yue Road, Shang Cheng District, Hangzhou City, Zhejiang Province, China. Defendant Iman365-usa manufactures and sells accessories compatible with automobiles including illumination lighting for car doors. Iman365-usa's storefront link is located at ebay.com/usr/iman365-usa. Defendant Iman365-usa had no prior knowledge that the mark used within the product they sold was not authorized by Audi. Defendant Iman365-usa asserts that this lawsuit was their first notice regarding the matter. Upon notice of this lawsuit, Iman365-usa ceased selling all of the disputed products. In addition, their listing description referenced that the product was compatible with or a replacement for Audi vehicles. In no way did their listing proport the products sold to be manufactured, affiliated, sponsored or even endorsed by Audi.

## II. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS

A district "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1164 (11th Cir.2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988) (citing *Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau,* 835 F.2d 855, 856 (11th Cir.1988).

### A. Material Fact Dispute as to Whether There is a Likelihood of Confusion

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, use[s] in commerce, any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use is likely to cause confusion, or to cause mistake or to deceive." 15 U.S.C. § 1114(1). In addition, there can be no likelihood of confusion at the point of sale where a defendant conspicuously and unequivocally informs buyers that the defendant, and not the plaintiff, is the source of the product. In *Ferrari S.P.A. Esercizio,* 944 F.2d at 1245.

The following factors are used to determine whether there is a likelihood of confusion, which include: (1) the similarity between the marks in appearance and suggestion; (2) the

8

similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and, (7) the intent of the defendant to "palm off" its products as that of another. AutoZone, Inc. v. Strick, 543 F.3d 923, 929 (7th Cir. 2008). Finally, the Lanham Act provides the "fair use" defense against valid trademarks when the term is not being used as a trademark by the party charged with infringement and is used in good faith to describe the product to its customers. 15 U.S.C. sec. 1115(b)(4).

Here, Plaintiff's claim for Summary Judgment should be denied as genuine material fact disputes exist as to whether Defendant's use is likely to cause customer confusion as to the source of Defendant's products. This determination is reserved for the trier of fact. Further, Plaintiff's argument that there not a genuine material fact dispute as to the likelihood of confusion fails the test set forth in *AutoZone, Inc. v. Strick* for the following reasons.

Iman365-usa's listing on eBay described the product as compatible with or "for" Audi vehicles. Specifically, describing the product as a "2 LED Blue Logo Door Light Courtesy Laser Light For Audi Q2 Q3 Q5 Q7 R8 Quattro." In addition, the logo displayed by the illumination light is not being used as a source indicator. Since Audi does not offer similar products, there can be no confusion at the point of sale. When assessing the likely degree of purchaser care, courts assess (1) the type of goods at issue, and (2) the level of sophistication of the purchaser. See *Homeowners Group, Inc.,* 931 F.2d at 1111. In addition, a sophisticated purchaser exercises a high degree of care and is less likely to be confused as to a product's origin. *Id.* This factor also focuses on the point of sale and is, therefore, generally inapplicable to downstream confusion. *See Ferrari S.P.A. Esercizio,* 944 F.2d at 1245.

Here. when considering the degree and care likely to be exercised by consumers, no consumer could have expected Audi to be the manufacturer as no such product is offered by Audi. In addition, as stated prior, your average consumer of this product has to be an individual qualified to install this lighting. Individuals of this mechanical skill level possess the knowledge to understand that these products have no affiliation with Audi.

In sum, while not solely required, Plaintiffs' have failed to provide any proof of actual confusion. Iman365-usa had no intent to "palm off" its products as an Audi product as the listing identified the product as a generic door light "For" Audi. Under the "fair use" defense, 15 U.S.C. sec. 1115(b)(4), Iman365-usa used the term Audi to describe the compatibility of the door light sold, not to proport the product was in any way manufactured or sponsored by Audi. Since these fact disputes are not a matter of law, Summary Judgment should be denied.

**B. Material Fact Dispute as to Whether the Court has Jurisdiction over Iman365-usa**

An additional material fact in dispute exists as to whether or not the court has personal jurisdiction over the Defendant. Personal jurisdiction is proper if it is consistent with the forum state's long-arm statutes and if it comports with due process of law. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996). For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir.2006) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Finally, the United States court of appeals has held that the sale of one automobile via the eBay website, without more, does not provide sufficient "minimum contacts" to establish jurisdiction over a nonresident defendant in the forum state. *Boschetto v. Hansing,* 539 F.3d 1011 (9th Cir. 2008).

Here, Defendant asserts that the Court lacks personal jurisdiction over them as sellers on eBay cannot target individuals in any state and have no control over who wins the eBay auction. Similar to *Boschetto v. Hansing* our client had minimal sales in the state of Illinois. Similair to this case, Defendant Iman365-USA could not purposefully direct any conduct toward any particular forum as defendant Iman365-USA's use of an online auction does not rise to the level of purposeful availment or purposeful conduct directed at a forum state necessary to establish personal jurisdiction.

For these reasons, Summary Judgment should be denied as there is a disputable fact of regarding the likelihood of confusion for customers who purchased these products from Defendant Iman365-usa and the lack of jurisdiction may preempt any award sought by the Plaintiff.

### III. PLAINTIFFS ARE NOT ENTITLED TO A STATUTORY DAMAGES AWARD AGAINST DEFENDANT FOR TRADEMARK COUNTERFEITING

In a case involving the use of a counterfeit mark (in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—**(1)** not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

**(2)** if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. See 15 U.S. Code § 1116(d).

Here the Plaintiff is basing their requested Statutory damages upon the presumption that the defendant willfully sold counterfeit products, however, this is still a factual determination and has not yet been decided by this court. In addition, statutory damages are not necessary as all sales on eBay are recorded, and any alleged losses or monetary damage will be easily calculated and accessible to all parties. For this reason, the Plaintiff's request for statutory damages should be denied.

## IV. PLAINTIFFS ARE NOT ENTITLED TO PERMANENT INJUNCTIVE RELIEF

Plaintiffs request for a permanent injunction enjoining Defendant from advertising, offering for sale, and/or selling Counterfeit Audi Products or otherwise violating Plaintiffs' rights in the Audi Trademarks should be denied.

A permanent injunction is appropriate where a plaintiff has demonstrated "(1) that it suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." See *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).

Federal courts have defined "irreparable harm" as an injury that is not remote or speculative, but actual and imminent, and "for which a monetary award cannot be adequate compensation". *Syler v. Woodruff,* 610 F.Supp.2d 256 (S.D.N.Y. 2009); *Tom Doherty Assocs. Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir. 1995) (*quoting Jackson Dairy, Inc. v. HP, Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir. 1979)). This includes situations in which there is a

threatened imminent loss that will be very difficult to quantify at trial. *See Tom Doherty Assocs. Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 38 (2d Cir. 1995).

Here, Defendant Iman365-usa immediately ceased all sales of the disputed products upon receipt of notice of this lawsuit. Further, they have already agreed not to sell any product bearing the Audi mark without the express authorization of Audi. Finally, as stated prior, all sales on eBay are recorded, and any alleged losses or monetary damage will be easily calculated and accessible to all parties. The Plaintiff has failed to prove how remedies available at law, such as monetary damages, are inadequate to compensate for their alleged injury. For these reasons, Plaintiff's request for a permanent injunction should be denied.

## V. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES AND COSTS

Pursuant to 15 U.S.C. § 1117(b), in a case involving use of a counterfeit mark, the court shall, unless it finds extenuating circumstances, award a reasonable attorney's fee if the violation consists of intentionally using a mark, knowing such mark is a counterfeit mark, in connection with the sale, offering for sale, or distribution of goods. 15 U.S.C. § 1117(b). *Luxottica USA LLC v. The Partnerships, et al*., 2015 U.S. Dist. LEXIS 78961, at 14; *Monster Energy Company, 2015*, 17 U.S. Dist. LEXIS 86956, at 13; *Bulgari, S.P.A.*, 2015 U.S. Dist. LEXIS 140606, at 9-10.

Here, the plaintiff's reliance on *Tony Jones Apparel, Inc. v. Indigo USA, LLC*, is misplaced. The plaintiff states that "if a defendant is liable" because it was willfully blind, or because it knew the products it was selling were counterfeit, an award of attorney's fees is mandatory under § 1117(b), absent extenuating circumstances. To date, no liability has been determined and the plaintiff has failed to provide any evidenced that proves defendant Iman365-usa intentionally or willfully used a counterfeit mark.

Finally, the plaintiff has set forth no extenuating circumstances that would justify a demand for attorney's fees. They simply state a legal conclusion regarding the willfulness of the defendant and the question of Defendant's willfulness is still material fact in dispute. As such, any determination of an award for attorneys' fees and costs is premature until the factual dispute of whether the use was willful has been decided.

## VI. CONCLUSION

For the foregoing reasons, Defendant Iman365-usa, requests that this court deny Plaintiff's Motion for Summary Judgment, Plaintiff's request for a Statutory Damages Award, Attorneys fees and request for a Permanent Injunction.

Dated this 18TH day of March 2019
Long Beach, NY

Respectfully submitted by:

 /s/ Cory Rosenbaum
Cory Rosenbaum, Esq.
Cr7529
Rosenbaum Famularo, P.C.
*Counsel for Defendant IMAN365-USA*
100 W Park Ave, Suite 310
Long Beach, NY 11561
(212) 256-1109
cj@amazonsellerslawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March 2019, I will electronically file the

foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send

a "Notice of E-Filing" to the attorneys of record in this case.

  /s/ Cory Rosenbaum
Cory Rosenbaum, Esq.
Cr7529
Rosenbaum Famularo, P.C.
*Counsel for Defendant IMAN365-USA*
100 W Park Ave, Suite 310
Long Beach, NY 11561
(212) 256-1109
cj@amazonsellerslawyer.com